UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> -v.- <br><br> JASON MORRISON, <br><br>                    Defendant. | 16 Cr. 551-1 (KPF) <br><br> ORDER |

KATHERINE POLK FAILLA, District Judge:

    Defendant Jason Morrison filed a *pro se* application for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), initially seeking resentencing, release from custody, or early release to home confinement.  (Dkt. #96).  His counsel, Sylvie Levine, then supplemented his motion, clarifying that Morrison was seeking immediate release from Bureau of Prisons ("BOP") custody, to a term of supervised release with a period of home confinement.  (Dkt. #97, 99). While several reasons are advanced in support of this application, Morrison and his counsel have made plain that the principal basis is his concern that continued incarceration at FCI Ray Brook, and its attendant conditions, place him at a high risk of contracting the COVID-19 virus.  The Government opposes Morrison's motion.  (Dkt. #98).  As set forth in the remainder of this Order, because Morrison is young and suffers from no medical condition that would place him at a heightened risk of serious illness from infection with COVID-19, the Court denies his motion for compassionate release.

## BACKGROUND

    On July 28, 2016, Defendant Morrison was arrested and charged in a criminal complaint with participating, along with three co-defendants, in a

conspiracy to distribute crack cocaine. (Dkt. #1). An indictment was returned on August 10, 2016, charging Morrison and his co-defendants with conspiring to distribute, and to possess with the intent to distribute, 280 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Dkt. #15). On December 16, 2016, Morrison pleaded guilty to the lesser included offense of conspiring to distribute, and to possess with the intent to distribute, 28 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Dkt. #44 (transcript)).

On June 15, 2017, this Court sentenced Morrison principally to a term of 75 months' imprisonment, to be followed by a term of four years' supervised release. (Dkt. #78 (judgment), 80 (transcript)). Morrison is currently serving his sentence at FCI Ray Brook in upstate New York. At sentencing, the Court observed that Morrison had a considerable criminal history, including two prior controlled substance offense convictions, an assault conviction, and a weapons possession conviction. (*See, e.g.*, Dkt. #80 at 28-30). However, for various reasons outlined on the record, the Court varied downward substantially from the applicable Guidelines range of 100 to 125 months' imprisonment.

According to the defense, Morrison filed compassionate release applications on April 6 and April 8, 2020; the first was denied outright and the second was referred to Morrison's unit team. (Dkt. #97 at 5). Irrespective of their resolution, 30 days has passed since Morrison applied to the BOP for compassionate release.

**APPLICABLE LAW**

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

A court may reduce a defendant's sentence under § 3582(c)(1)(A) only if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* § 3582(c)(1)(A). "The defendant has the burden to show he is entitled to a sentence reduction." *United States* v. *Ebbers*, No. 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (citing *United States* v. *Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). The Sentencing Commission has determined that a defendant's circumstances meet this standard, *inter alia*,

when the defendant is "suffering from a terminal illness" or a "serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons."  U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A), (D).  Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the determination made by the BOP.  *See United States* v. *Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020).  In addition, the Sentencing Commission has determined that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

## DISCUSSION

Defendant Morrison's motion is properly before the Court because 30 days have elapsed since the date of his compassionate release request to the Warden.  The issue at hand is whether Morrison has identified "extraordinary and compelling reasons" warranting his release.  The Court finds that he has not.

To begin, Morrison identifies areas in which he has progressed during his incarceration, and asks the Court to consider the person he is today, as distinguished from the man whom the Court encountered in 2016.  (*See* Dkt. #97 at 8 and Ex. C; Dkt. #99 at 5).  The Court is, of course, pleased to learn of

Morrison's efforts to better himself while incarcerated and of his creditable disciplinary record. But none of these developments, however commendable, supports the extraordinary relief of compassionate release. *See* U.S.S.G. § 1B1.13, n.3 ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason").

As noted, the focus of Morrison's motion is his argument that the conditions of his incarceration at FCI Ray Brook place him at a high risk of contracting COVID-19, both because of the nature of his confinement at the facility and because of the claimed inability of prison staff to handle the outbreak. The Court recognizes, as do the parties, that sister courts in this District have granted, and denied, compassionate release motions based on the existence of the COVID-19 pandemic and the risks of its transmission at prisons. (*Compare* Dkt. #97 at 4-5 (defense listing of courts that have granted motions for bail or compassionate release), *with* Dkt. #98 at 4-6 (Government listing of courts that have denied motions for bail or compassionate release)). This Court aligns itself with those courts that have found "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States* v. *Nwankwo*, No. 12 Cr. 31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) (collecting cases); *see also United States* v. *Brady*, No. 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) ("Instead, compassionate release motions amid the

COVID-19 pandemic have required a 'fact-intensive' inquiry, made in the 'unique circumstances' and 'context' of each individual defendant.  In practice, courts in this district have considered the age of the prisoner; the severity and documented history of the defendant's health conditions, as well as the defendant's history of managing those conditions in prison; the proliferation and status of infections in the prison facility; the proportion of the term of incarceration that has been served by the prisoner; and the sentencing factors in 18 U.S.C. § 3553(a), with particular emphasis on the seriousness of the offense, the deterrent effect of the punishment, and the need to protect the public." (internal citations omitted)).

Morrison has not demonstrated the existence of extraordinary and compelling circumstances in his case.  Morrison is 32 years old, an age at which he faces a very low risk of hospitalization or death from COVID-19.  *See* Weekly Updates by Select Demographic and Geographic Characteristics, CENTER FOR DISEASE CONTROL, https://www.cdc.gov/nchs/nvss/vsrr/covid_weekly/index.htm#AgeAndSex (accessed May 19, 2020).  Morrison acknowledges that he does not suffer from any known underlying health condition that would heighten his risk of severe illness or death from COVID-19.  Although the Court is appropriately concerned by the conditions Morrison cites at FCI Ray Brook (*see* Dkt. #97 at 5-7), it has also considered the BOP's Pandemic Influenza Plan, *see* https://www.bop.gov/coronavirus/ (accessed May 19, 2020), and it concludes on balance that the danger that Morrison faces from infection with COVID-19

6

does not amount to an extraordinary and compelling reason for granting compassionate release. *Cf. United States* v. *Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Separately, the factors set forth in 18 U.S.C. § 3553(a) counsel against granting Morrison's motion. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need "to protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Morrison and his co-conspirators trafficked in substantial quantities of crack cocaine and marijuana. And Morrison himself engaged in this conduct despite multiple prior convictions, at least one of which yielded a significant sentence of imprisonment. Thus, the Court finds that the § 3553(a) factors weigh against granting Morrison's motion.

## CONCLUSION

For the foregoing reasons, Defendant Morrison's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk of Court is directed to terminate the motions at docket entries 96, 97, and 99.

SO ORDERED.

Dated:   May 20, 2020
         New York, New York

                                    _____
                                       KATHERINE POLK FAILLA
                                       United States District Judge